**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

  v.                                                       Case No. 04-CR-160

**PETER TRILIEGI,**
      **Defendant.**

---

### DECISION AND ORDER

Defendant Peter Triliegi moves to suppress evidence obtained as a result of the monitoring of his phones calls while he was a pre-trial detainee at the Dodge County Detention Facility ("DCDF"). He contends that such monitoring violated his rights under the Fourth Amendment and the federal wiretap statute, 18 U.S.C. § 2510 et seq. The parties agree that the motion may be resolved based on the facts contained in the affidavit of a DCDF Supervisor, without an evidentiary hearing.

### I. FACTS

On June 15, 2004, defendant was arrested on a criminal complaint alleging that he grew marijuana at his residence, and a magistrate judge ordered that he be detained pending trial. While in custody at the DCDF between June 16 and 22, 2004, defendant made phone calls which were recorded by jail authorities and later used to obtain a search warrant for a second location where officers found another marijuana grow operation.

The DCDF is administered by the Dodge County Sheriff's Department. With the exception of calls between inmates and their lawyers, all inmate calls at DCDF are recorded.

These calls are automatically saved to a hard drive storage medium and can later be retrieved using the inmate's identification number and then "burned" onto a CD-ROM.

Inmates are advised of the recording practice in two ways. First, at the beginning of each call an audio message, audible to both the caller and the recipient, states: "THIS CALL MAY BE RECORDED AT ANY TIME." (Schwartz Aff. ¶ 6.) Second, a printed warning located next to the telephones used by inmates states: "ATTENTION – THIS CALL MAY BE MONITORED OR RECORDED." (Id. ¶ 7.)

DCDF has no written policy governing the recording of phone calls. However, the practices described above have been in place for about 1 ½ years.

## II. DISCUSSION

### A. Fourth Amendment Claim

Defendant first contends that he had a reasonable expectation of privacy in his telephonic communications from the jail, and that the taping of those communications violated his Fourth Amendment rights. See Katz v. United States, 389 U.S. 347, 353 (1967) (holding that the Fourth Amendment extends to the recording of oral statements where the person has a legitimate expectation of privacy). However, the Seventh Circuit has determined that, where a prison provides notice that calls may be monitored, there is no reasonable expectation of privacy in such communications. United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir. 1989). Defendant argues that Sababu is distinguishable because it dealt with convicted prison inmates, not pre-trial detainees. However, the individual seeking suppression in Sababu was at liberty and complained about the monitoring of her calls to an inmate. The court rejected her claim, noting that, given the pervasive monitoring

2

that takes place in prisons, even free persons communicating with prisoners have no reasonable expectation of privacy in such communications. Id. at 1329-30. Defendant, as a pre-trial detainee held on a determination of probable case, cannot claim greater privacy rights than a person at liberty. Moreover, courts have noted in this context that the curtailment of the rights of "pretrial detainees is the same as for convicted inmates." United States v. Van Poyck, 77 F.3d 285, 291 n.10 (9th Cir. 1996). Thus, given the notice provided by the DCDF, I conclude that defendant had no reasonable expectation of privacy under the Fourth Amendment and his claim must be rejected. See Sherman v. Hoenish, No. 04-C-0437, 2004 U.S. Dist. LEXIS 17597, at *7-9 (W.D. Wis. Aug. 25, 2004) (relying on Sababu to reject Fourth Amendment claim of person whose phone calls were monitored while held in county jail on probation hold); see also Van Poyck, 77 F.3d at 291 (holding that any expectation of privacy in outbound calls from pre-trial detention facility was not objectively reasonable and the Fourth Amendment was therefore not triggered by the routine taping of such calls).

**B.    Statutory Claim**

Defendant also claims that the recording of his calls violated the federal wiretap statute, 18 U.S.C. § 2510 et seq. That law generally forbids the interception of wire, oral or electronic communications. However, the recording of defendant's calls comes within two exceptions to that general rule.

First, the statute allows interception "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). In Sababu, the Seventh Circuit held that prison officials are "investigative or law enforcement officers" and that when they record inmate phones calls pursuant to "an established prison routine" they are acting

3

in the "ordinary course" of their duties. 891 F.2d at 1328-29. In the present case, it is undisputed that the Dodge County Sheriff's Department officials who run the DCDF are law enforcement officers,[1] and that they record inmate calls automatically pursuant to an established policy. Further, as in Sababu, inmates at the DCDF are notified of the recording policy. Thus, I conclude "that the monitoring was done by law enforcement officers in the ordinary course of duty, and, accordingly, . . . this case falls within the ambit of § 2510(5)(a)(ii)." Id. at 1329; see Sherman, 2004 U.S. Dist. LEXIS 17597, at *9-10 (holding that Wisconsin county jail officials qualified as "investigative or law enforcement officers"); see also United States v. Lewis, 406 F.3d 11 (1st Cir. 2005) (holding that local jail personnel are "investigative or law enforcement officers").[2]

Second, the wiretap statute also contains a "consent exception." Courts have held that when an inmate who received actual notice of recording makes a call he has impliedly consented. E.g., United States v. Workman, 80 F.3d 688, 693-94 (2d Cir. 1996) (finding consent where inmate received notice that his calls were subject to surveillance); see also Amati v. City of Woodstock, 176 F.3d 952, 955 (7th Cir. 1999) ("If there is actual notice, as in United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir. 1989), there will normally be implied consent."). In the present case, it is undisputed that defendant received an audio

---

[1] The prison Supervisor who oversees the recording at DCDF is a civilian employee of the Sheriff's Department, but he acts under authority delegated by the Chief Deputy, who is a law enforcement officer and the official custodian of all DCDF records.

[2] It is true that the recording in the present case was not accomplished pursuant to a written policy or regulation. However, it is undisputed that recording was a routine practice, not one undertaken for specific investigative purposes, and under these circumstances I see no reason why a written rule is necessary. Further, defendant cites no cases holding that a written policy or rule is required to invoke the exception.

4

and a written warning that his calls were subject to recording. But he made them anyway, impliedly consenting to DCDF eavesdropping.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to suppress (Docket # 72) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **TELEPHONIC STATUS** on **Tuesday, July 19, 2005, at 11:45 p.m.**  The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge